UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                               )
**UNITED STATES OF AMERICA**     )
                               )
           **v.**                   )     Criminal No. 13-305-24 (ESH)
                               )
**WILLIAM DAVID HILL**          )
also known as "WILLIAM D. HILL, JR."  )
also known as "TANK,"         )
                **Defendant.**     )
_____)

## MEMORANDUM OPINION AND ORDER

Defendant William David Hill, along with thirty-two others, has been charged with conspiracy to distribute and possession with intent to distribute one kilogram or more of heroin, five hundred grams or more of cocaine, and twenty-eight grams or more of cocaine base, in violation of 21 U.S.C. § 846, which is punishable by a minimum of ten years imprisonment. *See* 21 U.S.C. § 841. The government requested a detention hearing which was held by Magistrate Judge Robinson on January 29, 2014. (*See* Detention Memorandum ("Det. Mem.") at 1, Feb. 6, 2014 [ECF No. 121].) At the conclusion of the hearing, Magistrate Judge Robinson ruled that Hill should be held pending trial pursuant to 18 U.S.C. § 3142. (*See id.* at 7.) Hill thereafter filed a motion to appeal Magistrate Judge Robinson's detention order under 18 U.S.C. § 3145(b), which the government opposed. (Def.'s Bond Review Mot., March 12, 2014 [ECF No. 164]; Gov't's Opp. to the Defs.' Bond Review Mot. ("Opp."), March 18, 2014 [ECF No. 173].) This Court held a hearing on the motion on March 21, 2014. For the reasons stated in open court, as well as the reasons set forth herein, the Court will deny this motion.

**DISCUSSION**

Under the Bail Reform Act, 18 U.S.C. §§ 3141 *et seq.*, a judicial officer "shall order" a defendant's detention before trial if, after a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *Id.* § 3142(e). The judicial officer considering the propriety of pretrial detention must consider four factors:

> (1) [t]he nature and circumstances of the offense charged, including whether the offense . . . involves . . . a controlled substance, [or] firearm;
>
> (2) the weight of evidence against the person;
>
> (3) the history and characteristics of the person, including . . . the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; . . . and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

*Id.* § 3142(g). The government is required to demonstrate the appropriateness of pretrial detention by clear and convincing evidence. *See id.* § 3142(f). However, when "there is probable cause to believe that the [defendant] committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.)," there is a rebuttable presumption that "no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of the community." *Id.* § 3142(e). Considering each factor below, the Court agrees with the Magistrate Judge that the government has met its burden and that defendant Hill has failed to rebut the presumption against pretrial detention.

*First,* the nature and circumstances of the offense favor defendant Hill's continued detention. The indictment demonstrates probable cause to believe that Hill participated in a large-scale narcotics conspiracy. Moreover, a wiretap recorded 10 conversations regarding the purchase of narcotics between defendant Hill and co-defendant Juan Floyd. Evidence of narcotics and narcotics paraphernalia was also found in a home associated with defendant Hill, including (1) capsules filled with a substance which field tested positive for heroin; (2) drug paraphernalia (a sifter, digital scale, measuring spoons, razors, Ziploc bags, and a large quantity of empty capsules); and (3) a telephone used to communicate with co-defendant and the alleged leader of the conspiracy, Juan Floyd.[1] (Det. Mem. at 4-5; Opp. at 9.)

*Second*, the weight of the evidence justifies his continued detention. The government contends that defendant Hill participated in several coded telephone calls with co-defendant Juan Floyd regarding the purchase of narcotics. For example, on May 23, 2013, Juan Floyd complained that Hill had only given him "98" for five "onions." (Det. Mem. at 3.) The government contends that defendant Floyd routinely used the term "onions" to refer to heroin. Moreover, the government proffered that defendant Hill "was involved in at least ten transactions with Mr. Floyd." (*Id.* at 4.) In his motion for bond review, defendant Hill argues that the voice heard in several of the alleged phone conversations with Juan Floyd is not his. In support of this contention, Hill's counsel provided samples of these phone calls. In addition, defendant emphasizes that on one of these calls the individual identifies himself as "Nut," a nickname not previously associated with defendant Hill and that the phone number at issue is not registered to Hill. Based on its review of these calls, the Court cannot conclusively say one way or another that defendant Hill's voice is the one captured on the call. Moreover, as the government

---

[1] A weapon was also found in this apartment, however, another occupant of the home claimed that the weapon belonged to her.

3

explained at the hearing, many defendants in this case used various names throughout the course of the alleged conspiracy. Defendant Hill also identified himself by name on the relevant phone line during the course of other conversations. Though the evidence of drug dealing is far from compelling, the Court concludes that the evidence is strong enough to justify Hill's continued detention.

*Third*, the history and characteristics of the defendant strongly support his continued detention. Hill is currently on supervised release in connection with a 2002 conviction for possession of a firearm following a felony conviction and is on lifetime supervision based on a 1976 murder conviction. (Det. Mem. at 7.) In addition, on February 19, 2014, a detainer was filed against the defendant based on a violation of probation and/or supervised release. (Opp. at 3.)

*Fourth*, defendant's potential danger to the community favors his continued detention. Defendant Hill was not arrested in relation to this case for several months after many of his co-conspirators (and alleged supplier) were arrested. Yet, when defendant Hill was picked up he was found with drugs and drug paraphernalia. This indicates that co-defendant Floyd was not Hill's only supplier and that Hill, if not detained, would still have access to narcotics. As Magistrate Judge Robinson explained, "the toll that heroin, and other controlled substances have taken and continue to take upon this community is well-documented . . . [and] Defendant's alleged involvement in the conspiracy to distribute controlled substances while on supervised release demonstrates that his release would pose a danger to the community . . . ." (Det. Mem. at 7.) The Court agrees with this conclusion and finds that Hill represents a danger to the community.

4

For the foregoing reasons, defendant's motion for reversal of the Magistrate Judge's order of detention is hereby **DENIED**, and in accordance with 18 U.S.C. § 3142(i), the Court **ORDERS** that defendant remain in the custody of the Attorney General for confinement pending trial.

**SO ORDERED.**

/s/
ELLEN SEGAL HUVELLE
United States District Judge

DATE: March 21, 2014